Glenn R. Kantor – SBN 122643
 E-mail: gkantor@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, California 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff,
CHRISTINA RUMIEZ

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA RUMIEZ,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY and ESTEE LAUDER COMPANIES INC. DISABILITY PLAN,<br><br>　　　　　Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>**BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PRE-JUDGMENT AND POST-JUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS** |

Plaintiff, Christina Rumiez, herein sets forth the allegations of her Complaint against Defendants Hartford Life and Accident Insurance Company and Estee Lauder Companies Inc. Disability Plan.

**PRELIMINARY ALLEGATIONS**

1. "Jurisdiction" – This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee

1. benefit plan named as Defendant. Plaintiff seeks relief, including but not limited to: payment of past due benefits, pre-judgment and post-judgment interest, reinstatement to the benefit plans at issue herein, and attorneys' fees and costs.

2. Plaintiff was, at all times relevant, an employee of Estee Lauder Companies Inc. – which does business in this judicial district.

3. Plaintiff is informed and believes that Defendant Hartford Life and Accident Insurance Company ("Hartford") is a corporation with its principal place of business in the State of Connecticut, authorized to transact and transacting business in the Northern District of California and can be found in the Northern District of California. Upon information and belief, Hartford became the insurer of benefits under the Estee Lauder Companies Inc. Disability Plan, (hereinafter "LTD Plan") while the Plaintiff was a participant and beneficiary of such Plan and acted in the capacity of a plan administrator. Hartford administered the claim with a conflict of interest and the bias this created affected the claims determination.

4. The LTD Plan's plan administrator has not delegated discretionary authority to Hartford to determine eligibility for benefits and to interpret the terms and provisions of the plan and any policy issued in connection with it.

5. Plaintiff is informed and believes that Defendant LTD Plan is an employee welfare benefit plan regulated by ERISA, established by Estee Lauder Companies Inc. under which Plaintiff is and was a participant, and pursuant to which Plaintiff is entitled to Long Term Disability ("LTD") benefits. Pursuant to the terms and conditions of the LTD Plan, Plaintiff is entitled to LTD benefits for the duration of Plaintiff's disability, for so long as Plaintiff remains disabled as required under the terms of the LTD Plan. The LTD Plan is doing business in this judicial district, in that it covers employees residing in this judicial district.

6. Defendants can be found in this judicial district and the Defendant Plan is administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

**FIRST CLAIM FOR RELIEF**

**AGAINST DEFENDANTS ESTEE LAUDER COMPANIES INC. DISABILITY PLAN**

**AND HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY**

**FOR PLAN BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS,**

**PRE-JUDGMENT AND POST-JUDGMENT INTEREST, AND**

**ATTORNEYS' FEES AND COSTS**

**(29 U.S.C. § 1132(a)(1)(B))**

7. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

8. At all times relevant, Plaintiff was employed by Estee Lauder Companies Inc. and was a covered participant under the terms and conditions of the LTD Plan.

9. During the course of Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while Plaintiff was covered under the LTD Plan, Plaintiff suffered a disability rendering Plaintiff disabled as defined under the terms of the LTD Plan.

10. Pursuant to the terms of the LTD Plan, and contemporaneous with her disability, Plaintiff made a claim for LTD benefits under the LTD Plan claiming a date of disability in 2003. Plaintiff's claim for benefits was approved and benefits were paid. Plaintiff subsequently made a claim for Social Security Disability benefits and those benefits were approved and remain in pay status as of the date of the filing of this action. Hartford approved and paid Long Term Disability benefits from January 11, 2003 through January 23, 2018.

11. On or about January 24, 2018, Hartford sent to the Plaintiff a letter advising her that her benefits were being terminated but afforded her a right to appeal the termination of benefits. In a letter dated October 23, 2018, the Plaintiff appealed the termination of her benefits.

12. Despite overwhelming evidence of a covered LTD claim, on December 28, 2018, Hartford erroneously and wrongfully continued to uphold its prior determination denying Plaintiff's claim for LTD benefits.

13. Defendants Hartford and the LTD Plan breached the Plan and violated ERISA in the following respects:

(a) Failing to pay LTD benefit payments to Plaintiff at a time when Hartford and the LTD Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as Plaintiff was disabled and unable to work and therefore entitled to benefits. Even though the LTD Plan and Hartford had such knowledge, Hartford denied Plaintiff's LTD benefits;

(b) Failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the denial of Plaintiff's claims for LTD benefits;

(c) After Plaintiff's claim was denied in whole or in part, Hartford failed to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect Plaintiff's claim along with an explanation of why such material is or was necessary; and

(d) Failing to properly and adequately investigate the merits of Plaintiff's disability claim and failing to provide a full and fair review of Plaintiff's claim.

14. Plaintiff is informed and believes and thereon alleges that Defendants wrongfully denied Plaintiff's disability benefits under the LTD Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendants aware of once said acts or omissions are discovered by Plaintiff.

15. Following the denial of benefits under the LTD Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the LTD Plan.

16. As a proximate result of the aforementioned wrongful conduct of the LTD Plan and Hartford, and each of them, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

17. As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff in pursuing this action has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendants.

18. The wrongful conduct of the LTD Plan and Hartford has created uncertainty where none should exist, therefore, Plaintiff is entitled to enforce Plaintiff's rights under the terms of the LTD Plan and to clarify Plaintiff's right to future benefits under the terms of the LTD Plan.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: December 27, 2021                KANTOR & KANTOR, LLP


                                        BY:   */s/ Glenn R. Kantor*
                                              Glenn R. Kantor
                                              Attorneys for Plaintiff,
                                              CHRISTINA RUMIEZ